**NOT FOR PUBLICATION** [9]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
NANCIE FISHER, aka :
NANCIE CHASKO, on behalf of : Civil Action No. 05-2020 (FLW)
T.C., :
 :
      Plaintiff-Appellant, :
 : **OPINION**
  v. :
 :
STAFFORD TOWNSHIP BOARD OF :
EDUCATION, :
 :
      Defendant-Appellee. :
_____:

APPEARANCES:

For Plaintiff-Appellant:
ROBERT J. CAMPBELL
551 ROUTE 50
MAYS LANDING, NJ 08330
    and
JONATHAN S. CORCHNOY
1515 Market Street, Suite 1510
Philadelphia, PA 19102

For Defendant-Appellee:
KARL MEYER
Stafford Township School District
775 East Bay Avenue
Manahawkin, NJ 08050

**WOLFSON, United States District Judge:**

This matter arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 to 1485, 35 C.F.R. § 300.1 et seq.  The issue before the Court is whether the Stafford Township Board of Education ("the Board" or "Appellee") provided a free and appropriate public education ("FAPE") to T.C., an eleven-year-old boy classified as eligible for special education and related services under the category of autistic, or whether T.C.'s mother, Nancie Fisher ("Fisher" or "Appellant") is entitled to reimbursement for payments she made to T.C.'s aides in order to subsidize the regular pay that they received from the Board. Administrative Law Judge Israel D. Dubin ("the ALJ" or "ALJ Dubin") found that the Individualized Education Plans offered and implemented by the Board at public expense were appropriate and that the district therefore offered T.C. a free appropriate public education.  He also found that Fisher did not comply with several regulations governing reimbursement.  As such, he denied Fisher's claim for reimbursement.  Fisher appealed that decision by the filing of the Complaint in this Court, and now moves for summary judgment.  This Court has jurisdiction pursuant to 20 U.S.C. § 1415.  For the reasons set forth below, Appellant's motion for summary judgment is denied without prejudice.

**I. Procedural History**

Fisher (incorrectly pled as "Fischer") filed a request for a Due Process hearing with the Department of Education, Office of Special Education Programs, on February 9, 2004.  On March 8, 2004, the Commissioner of Education transmitted the matter to the Office of Administrative Law with a request that an Administrative Law Judge be assigned to conduct a hearing. The Director of the OAL assigned the case to ALJ Durbin, and an initial pre-hearing

2

conference was conducted on March 11, 2004, at which time the matter was scheduled for hearing. Following several adjournments necessitated by procedural disputes, scheduling conflicts, and other needs of the parties, the hearing was scheduled to begin on June 24, 2004, only to be adjourned when, for reasons unknown to counsel, the Board's witness and director of special education services failed to appear. By agreement of the parties, the hearing was rescheduled for and heard over the course of several days in August 2004.

After the hearing, Fisher's and the Board's initial briefs were to be submitted by October 8 and November 5, 2004, respectively, pursuant to a briefing schedule. Although Fisher's brief was submitted in a timely manner, the Board's was not, even after several extensions had been granted. The record was closed on December 29, 2004, when the Board's post-hearing brief was due. By way of a decision dated March 14, 2005, the ALJ dismissed Fisher's petition.

On April 14, 2005, Fisher filed a Complaint with this Court appealing ALJ Durbin's decision. On January 13, 2006, Fisher filed a motion for summary judgment. The Board's opposition papers were due by January 23, 2006. As was the case when the matter was before the ALJ, no opposition was filed. On February 16, 2006, the Honorable Stanley R. Chesler, U.S.D.J., adjourned the motion, rendering the Board's opposition due by February 21, 2006. By way of a letter to Judge Chesler dated April 12, 2006, Karl Meyer, the Board's attorney, acknowledged that he had not yet filed opposition and requested additional time to do so, citing medical reasons. On May 9, 2006, Judge Chesler ordered Mr. Meyer to file opposition by May 23, 2006. On July 10, 2006, this case was reassigned from Judge Chesler to me. On July 19, 2006, the parties and I participated in a conference call, during which Mr. Meyer acknowledged that he had not yet filed any opposition and requested a final chance to do so. I ordered that his opposition was due on or

before July 28, 2006, and made it very clear that no further extensions would be granted and that the matter would be considered unopposed if opposition was not filed on or before July 28, 2006. On August 7, 2006, ten days after the July 28, 2006 deadline, the docket still reflected that no opposition papers had been filed. Therefore, on that date, after Mr. Meyer had been given numerous opportunities to submit opposition but had still failed to do so, I issued a letter to the parties indicating that I was considering Appellant's motion for summary judgment as unopposed.

**II.  The Instant Motion**

The motion before the Court is Appellant's motion for summary judgment. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To avoid summary judgment the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the evidence, the Court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [nonmoving] party." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (quoting Bartnicki v. Vopper, 200 F.3d 109, 114 (3d Cir. 1999)). Conclusory allegations do not meet the non-moving party's duty to set forth specific facts showing that a genuine issue of material fact exists and a reasonable factfinder could rule in its favor. Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).

If the non-movant fails to oppose the motion, as is the case here, Rule 56(e) provides that the Court may only grant the motion for summary judgment "if appropriate." See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir.1990); see also Damino v. Sony Music Entm't, 975 F. Supp. 623, 627 (D.N.J.1996) (granting summary judgment motion because plaintiff's argument was unopposed, and thus no genuine issue of material fact was created). The motion is appropriately granted when that party is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175. When, as here, "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Carp v. Internal Revenue Serv., No. 00-5992, 2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002) (quotations and citations omitted). Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D.Pa. Mar. 1, 1989); see also Atkinson v. City of Phila., No. 99-1541, 2000 WL 793193, at *5 n. 8 (E.D. Pa. June 20, 2000).

Appellant asks the Court to grant her motion as unopposed, as evidenced by the letters to that effect sent by her attorney, Mr. Campbell. However, as set forth above, unopposed motions do not translate into the automatic granting of relief, but only if "appropriate." Typically, cases appealing an ALJ's decision in the IDEA context are decided on the parties' cross-motions for summary judgment. Such cross-motions would be appropriate here since no party suggests that any discovery is needed, nor have subsequent events required supplementation of the record.

Thus, while I indicated in my August 7, 2006 letter that I was considering the motion as unopposed, I have determined that this appeal is appropriately decided on the fully briefed cross-motions of the parties. Thus, Appellant's motion for summary judgment is denied without prejudice. Otherwise, if I were to determine that summary judgment in Appellant's favor was not appropriate, no relief would be entered and the case could simply remain open indefinitely.

Furthermore, I am concerned whether Mr. Meyer's client, the Stafford Township Board of Education, is aware that Mr. Meyer has never filed opposition to Fisher's motion. In order to ensure that the Stafford Township Board of Education is afforded the opportunity to litigate this case, I am directing Mr. Meyer to immediately serve a copy of this Opinion and accompanying Order on his client by way of courier or certified mail. Within seven (7) days of this Order, Mr. Meyer shall provide the Court with proof of the service. The parties shall file fully briefed cross-motions for summary judgment by September 22, 2006. Opposition to the cross-motions is due by October 2, 2006 and reply papers are due by October 9 2006. In connection with these motions, I am alerting the parties to the burden of proof to be addressed in their papers.

### III.  Burden of Proof

Traditionally, the burden of proof to demonstrate compliance with IDEA has been upon the school district. The parent(s) needed only place the appropriateness of the IEP at issue, and the burden would shift to the school district to prove that the IEP was indeed appropriate. Recently, however, the Third Circuit has changed this rule. Following the Supreme Court's holding in <u>Schaffer v. Weast</u>, --- U.S. ----, 126 S. Ct. 528, 163 L.Ed.2d 387 (2005), the Third Circuit has held that the "appellants bear the burden of proof when challenging the appropriateness of the relevant IEPs." <u>L.E. v. Ramsey Bd. of Ed.</u>, 435 F.3d 384, 391-92 (3d Cir.

2006) (citing Schaffer, 126 S. Ct. at 537 ("burden of proof in an administrative hearing challenging an IEP is properly placed upon the party seeking relief.")).

Appellant contends that "the burden is on the District to prove by a preponderance of the evidence" that it complied with IDEA. Appellant's Br. at 26. Appellant notes Schaffer's "arguabl[e]" "suggest[ion]" that the burden of proof lies with her but contends that "there is neither an indication that [Schaffer] was intended to be effectuated retroactively, nor did the Defendant preserve that argument below." Id. Subsequent to the filing of Appellant's brief, the Third Circuit issued its decision in L.E. v. Ramsey Bd. of Ed., holding that "appellants bear the burden of proof when challenging the appropriateness of the relevant IEPs." L.E. v. Ramsey Bd. of Ed., 435 F.3d 384, 392 (3d Cir. 2006). Appellant did not notify the Court of the L.E. decision, although it contradicts her assertion that the burden of proof here lies with the District. Even if Appellant would still argue, in the wake of Schaffer and L.E., both of which are binding upon this Court, that the burden of proof here lies with the District or that the District somehow needed to preserve this argument, it is quite clear to the Court that because this case was pending when Schaffer was decided, Schaffer's rule of law applies to this case. See Greenwood ex rel. Greenwood v. Wissahickon School Dist., 04-cv-3880, 2006 WL 279085 at *1 (E.D. Pa. Feb. 3, 2006) ("Because this case was pending when Schaffer was decided, the new rule of law applies.")(citing Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (when the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling application of federal law and must be given full retroactive effect in all cases still open on direct review")); see also Bay Shore Union Free School Dist. v. T. ex rel R., 405 F. Supp.2d 230, 238 (E.D.N.Y. 2005) (finding that the new rule of law announced by the Court in

7

Schaffer would apply because the case was pending at the time Schaffer was announced) (citing Bradley v. School Bd. of Richmond, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) ("a court is to apply the law in effect at the time it renders its decision.") and Solem v. Stumes, 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984) ("As a rule, judicial decisions apply retroactively." (internal quotation omitted)).  To the extent that Appellant would argue that Schaffer is somehow limited in another fashion and therefore inapplicable here, the Third Circuit has determined that it is unreasonable to restrict the Supreme Court's Schaffer decision to a single aspect of a challenged IEP. L.E., 435 F.3d at 391.  Therefore, the parties are directed to brief their motion papers in accordance with the new burden of proof as outlined by Schaffer and L.E..

## IV.  CONCLUSION

For the reasons set forth above, the Court denies Appellant's motion for summary judgment without prejudice.

                S/ Freda L. Wolfson  
                Honorable Freda L. Wolfson  
                United States District Judge

Dated: August 30 , 2006